IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TEMETRIUS RICHARDSON,<br>　　Plaintiff,<br>　　　　　　v.<br>VERIZON WIRELESS, LLC and,<br>T-MOBILE, LLC,<br>　　Defendants. | Civil Action No.<br>1:23-cv-05006-SDG |

**OPINION AND ORDER**

This order is before the Court on various motions. *Pro se* Plaintiff Temetrius Richardson filed an amended complaint on November 17, 2023, followed by a motion for a preliminary injunction on December 18 [ECF 10]. Defendant Verizon Wireless Services, LLC filed a motion to compel arbitration [ECF 12]. Shortly thereafter, Defendant T-Mobile LLC filed a motion to dismiss [ECF 14]. Plaintiff then filed a motion to amend his complaint [ECF 18] and a motion for a constructive trust [ECF 16], succeeded by a series of motions requesting that the Court: hold T-Mobile in contempt [ECF 24], enter default judgment against Verizon and T-Mobile [ECF 29], schedule hearings in chambers [ECFs 30 and 31], and grant his leave of absence [ECF 33].

The Court **GRANTS** the motion to compel arbitration [ECF 12] and the motion for leave to amend the complaint [ECF 18], and thus **DENIES** the motion to dismiss [ECF 14] as moot. The Court also **GRANTS** Plaintiff's motion for leave

1

of absence nunc pro tunc [ECF 33] but **DENIES** all other motions [ECFs 10, 16, 24, 29, 30, and 31].

I. **Verizon's motion to compel arbitration.**

Plaintiff alleges that Verizon has, "through fraud, accident, or mistake failed to credit the accounts of the Plaintiff for monthly settlement of the Principal's balance."[1] Plaintiff alleges that he entered into a contract with Verizon for the purchase of two iPhone 14 Pro Max phones, as well as a phone service contract.[2] He alleges that he "instructed Verizon to use the provided bill of exchange to accept and transfer the credits to satisfy the remaining balance of the principal's account,"[3] which Verizon allegedly failed to do. Because Plaintiff's account balance was outstanding, Verizon terminated his service.[4] As best this Court can tell, Plaintiff asserts that Verizon's failure to accept his bill of exchange as payment to satisfy his account violates a host of statutory and common laws.

Verizon moves to compel arbitration.[5] It argues that, when Plaintiff purchased a phone service plan from Verizon, he entered into an arbitration

---

[1]  ECF 5, ¶ 8.

[2]  *Id.* ¶ 9.

[3]  *Id.* ¶ 13.

[4]  *Id.* ¶ 20.

[5]  ECF 12.

2

agreement.6 In entering into the agreement, he agreed to resolve this type of dispute in arbitration.7 Plaintiff responded, but failed to address this agreement to arbitrate.

The Court agrees that Plaintiff must arbitrate this claim. The FAA reflects the strong federal policy in favor of arbitration. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (noting that the Supreme Court has "long recognized and enforced a 'liberal federal policy favoring arbitration agreements'") (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)). *See also Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1146 (11th Cir. 2015) ("The FAA places arbitration agreements on equal footing with all other contracts and sets forth a clear presumption—'a national policy'—in favor of arbitration.") (citations omitted).

The dispute resolution provision in Verizon's customer agreement is broad and straightforward. It covers any dispute between Plaintiff and Verizon, and dictates that such disputes must be resolved via arbitration or in small claims court. While the Court has difficulty following the series of events articulated by Plaintiff purportedly giving rise to his claims, it clearly stems from issues with his Verizon service contract, meaning this dispute must be settled in arbitration.

---

6   *Id.* at 3.

7   *Id.*

Plaintiff does not dispute that he signed the arbitration agreement, nor does he claim that he opted out of the agreement. Accordingly, the Court grants Verizon's motion to arbitrate.

## II.     Plaintiff's motion to amend and T-Mobile's motion to dismiss.

Defendant T-Mobile filed a motion to dismiss.[8] Plaintiff thereafter filed a motion for leave to file his amended complaint.[9] Such amended complaint could resolve the issues raised in the pending motion to dismiss. In his motion, Plaintiff notes that his amended complaint will "perfect some deficiency" identified in the motion to dismiss.[10] Pursuant to Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given "because cases should be decided on the merits, rather than on the pleadings or technicalities." *Kuria v. Palisades Acquisition XVI, LLC*, 752 F. Supp. 2d 1293, 1298 (N.D. Ga. 2010). The Court grants Plaintiff's motion to amend, thereby denying as moot T-Mobile's motion to dismiss.

---

[8]   ECF 14.

[9]   ECF 18.

[10]  *Id*. at 1.

### III. Miscellaneous motions

Plaintiff has filed numerous motions. All but his motion for a leave of absence are denied as moot given that Plaintiff has moved and been granted leave to amend his complaint. Plaintiff may refile the motions, *if relevant*, after he amends his complaint.

### IV. Conclusion

The Court **GRANTS** Verizon's motion to compel arbitration [ECF 12]. The Court further **GRANTS** Plaintiff's motion for leave to amend the complaint [ECF 18], and thus **DENIES as moot** T-Mobile's motion to dismiss [ECF 14]. The Court **DENIES** all other pending motions as moot [ECFs 10, 16, 24, 29, 30, and 31], except Plaintiff's motion for leave of absence [ECF 33], which is **GRANTED nunc pro tunc**.

Plaintiff is **ORDERED** to file an amended complaint against T-Mobile on or before **October 30, 2024**. If he fails to timely do so, T-Mobile will be dismissed from this case with prejudice.

Verizon and Plaintiff are **ORDERED** to arbitrate in accordance with their agreement. The parties are further **ORDERED** to file with this Court every 180 days a status report concerning the status of Plaintiff's respective arbitration proceeding. This status report may be filed jointly or separately. The parties must also notify the Court, within 7 days, if their dispute resolves through arbitration,

settlement, or otherwise. Again, this report may be filed jointly or separately. If Plaintiff fails to file a status report as instructed, his claims against Verizon may be dismissed with prejudice at that time.

The Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case. This closure is not a dismissal and does not preclude the filing of documents. The case may be re-opened if necessary, or upon Plaintiff filing an amended complaint against T-Mobile.

**SO ORDERED** this 30th day of September, 2024.

                                              Steven D. Grimberg
                                   United States District Judge